# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, IBEW LOCAL UNION NO. 100 HEALTH AND WELFARE TRUST FUND, JOINT ELECTRICAL INDUSTRY TRAINING TRUST FUND, NATIONAL ELECTRICAL BENEFIT FUND, IBEW LOCAL UNION NO. 100 VACATION FUND AND BOARD OF TRUSTEES OF THE IBEW DISTRICT NO. 9 PENSION PLAN TRUST FUND,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SERVI-TECH CONTROLS, INC., a California corporation,<br><br>　　　　　Defendant. | 1:06-cv-0857 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 9/20/07<br><br>Non-Dispositive Motion Filing Deadline: 10/5/07<br><br>Dispositive Motion Filing Deadline: 10/30/07<br><br>Settlement Conference Date: 9/25/07 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date: 1/14/08 11:00 Ctrm. 3<br><br>Trial Date: 2/19/08 9:00 Ctrm. 3 (CT-8 days) |

I.   Date of Scheduling Conference.

　　　November 15, 2006.

II.  Appearances Of Counsel.

　　　Bennett & Sharpe, Inc., by Thomas M. Sharpe, Esq., appeared on behalf of Plaintiffs.

　　　Littler Mendelson by Spencer H. Hipp, Esq., appeared on behalf of Defendant.

1

III.   Summary of Pleadings.

   1.   Plaintiffs contend that this action is brought pursuant to the Labor Management Relations Act of 1947 and the Federal Declaratory Judgment Act.  Plaintiffs are and were the Plan Administrators of Employee Benefit Plans within the meaning of the Employee Retirement Security Act ("ERISA") under 29 U.S.C. § 1002 and are and were the named fiduciaries under 29 U.S.C. §§ 1002 and 1132(b).  Plaintiffs contend that Defendant has breached a collective bargaining agreement, which Plaintiffs contend incorporates various Trust Agreements and thereby binding Defendant to the terms of such Trust Agreements, by failing to make contributions to Plaintiffs on behalf of certain employees of Defendant whose work Plaintiffs contend was covered by a collective bargaining agreement.  Plaintiffs' Complaint seeks the payment of those claimed contributions for the period of December 2001 to the present, along with interest, liquidated damages, costs and attorneys fees.  Plaintiffs' Complaint also seeks to compel an accounting in order to determine the amount of those alleged contributions.  Plaintiffs contend that the Trust Agreements obligate Defendant to make contributions to Plaintiffs for all persons who perform work covered by the collective bargaining agreement.

   2.   Defendant contends that the employees on whose behalf Plaintiffs seek contributions, have never been represented by IBEW Local 100.  Defendant further contends that the work performed by its employees which is the focus of Plaintiffs' lawsuit, is not and has never been work covered by any collective bargaining agreement by which Defendant was or is bound.

2

1 Defendant also seeks to recover its costs, disbursements,
2 expenses and attorneys' fees in this lawsuit.
3 IV.   Orders Re Amendments To Pleadings.
4     1.   The parties do not anticipate filing any amendments to
5 the pleadings at this time.
6 V.   Factual Summary.
7     A.   Admitted Facts Which Are Deemed Proven Without Further
8 Proceedings.
9         1.   Plaintiffs assert jurisdiction pursuant to the
10 Employee Retirement Security Act ("ERISA").
11         2.   Defendant is a California corporation with
12 corporate offices located in Fresno, California.
13         3.   Defendant is an HVAC (heating, ventilating and air
14 conditioning) control systems contractor involved in the design
15 and installation of large HVAC control systems.
16     B.   Contested Facts.
17         1.   Plaintiffs are advised that Defendant contests the
18 assertion that the work in question was covered by any collective
19 bargaining agreement by which Defendant may be bound.
20         2.   Defendant is advised that Plaintiffs contest the
21 assertion that the HVAC control systems engineers/programmers and
22 the warehousemen employed by Defendant have never been
23 represented by IBEW Local 100.
24         3.   Whether the work performed by Defendant's HVAC
25 control system engineer/programmer employees is, or ever was,
26 work covered by any collective bargaining agreement by which
27 Defendant may be bound.
28         4.   Whether the work of the warehousemen employed by

3

Defendant is, or ever was, work covered by any collective bargaining agreement by which Defendant may be bound.

VI.   Legal Issues.

    A.   Uncontested.

        1.   Venue is proper in the Eastern District of California under 28 U.S.C. § 1391, if the Court has jurisdiction.

    B.   Contested.

        1.   Whether this action arises under the Labor Management Relations Act of 1947 ("NLRA"), 29 U.S.C. § 185(a) and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.

        2.   Whether primary exclusive jurisdiction rests with the National Labor Relations Board.

        3.   Whether Defendant has breached any collective bargaining agreement by which it may be bound.

        4.   Whether Defendant is liable for any claimed contributions or damages.

        5.   Whether any or all of Plaintiffs' alleged damages as requested in the prayer for relief are recoverable.

        6.   Whether Plaintiffs or Defendant are entitled to an award of attorneys' fees under any of the theories alleged in the Complaint and Answer.

        7.   Whether the UC petition filed by Defendant before the National Labor Relations Board (case number 32-UC-416) is a "related matter," and specifically whether that petition raises issues pertinent to this litigation.

///

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.    Corporate Identification Statement.**

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.    Discovery Plan and Cut-Off Date.**

    1.    The parties are ordered to complete all discovery on or before September 20, 2007.

    2.    The parties are directed to disclose all expert witnesses, in writing, on or before July 20, 2007. Any supplemental expert disclosures will be made on or before August 20, 2007. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.

Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before October 5, 2007, and heard on November 2, 2007, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

   3.   All Dispositive Pre-Trial Motions are to be filed no later than October 30, 2007, and will be heard on December 3, 2007, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

   1.   January 14, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

   3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for

6

the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   February 19, 2008, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a non-jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   8 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

    5.   The parties are interested in voluntary dispute resolution.  They will contact the Courtroom Deputy and he will provide the appropriate stipulation for VDR when the parties are ready.

XIII.     Settlement Conference.

    1.   A Settlement Conference is scheduled for September 25, 2007, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in

person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be

1  expended for further discovery, pre-trial and trial.
2           e.    The relief sought.
3           f.    The parties' position on settlement,
4  including present demands and offers and a history of past
5  settlement discussions, offers and demands.
6  XIV. Request For Bifurcation, Appointment Of Special Master,
7  Or Other Techniques To Shorten Trial.
8       1.    The parties agree that the issues of liability and
9  damages, if any, shall be tried in two phases.
10 XV.  Related Matters Pending.
11      1.    Defendant has filed a Unit Clarification Petition with
12 Region 32 of the National Labor Relations Board (Case No. 32-UC-
13 416) requesting that any bargaining unit of Defendant
14 specifically exclude, among others, engineering control systems
15 technicians and programmers, clerical staff, warehousemen, shop
16 persons and others, many of whom are the subject of Plaintiffs'
17 present Federal District Court lawsuit.  Defendant has this week
18 received a letter from IBEW Local 100's counsel confirming that
19 the employees who are the subject of the present lawsuit are
20 excluded from the bargaining unit.  Defendant asserts that this
21 is a related matter.  Defendant contends that since the right of
22 the Plaintiff Trust Funds cannot be any greater than the right of
23 IBEW Local 100 under any collective bargaining agreement, the
24 Plaintiff Trust Funds have no basis to proceed and must withdraw
25 the present lawsuit.  Plaintiff disputes that this is a "related
26 matter" and contends that the question presented in the instant
27 litigation goes to the nature of the work actually performed by
28 employees of Defendant, not the job titles and job descriptions

9

of said employees, whatever such titles and job descriptions be.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   November 16, 2006                 /s/ Oliver W. Wanger

emm0d6                              UNITED STATES DISTRICT JUDGE

11